Appeal by an employer and its carriers, The Travelers Insurance Company and American Motorists Insurance Company, from a decision and award of the Workmen’s Compensation Board for permanent partial disability resulting from an accident of June 28, 1950, when appellant Travelers was on the risk, and from an accident of October 4, 1950, when appellant American was the carrier, the board finding disability causally related to both accidents in equal proportions and charging the carriers accordingly for compensation for disability subsequent to September 24, 1954. On June 28, 1950, while carrying a heavy timber across a roof, claimant fell on his back. No serious injury was suspected at that time and claimant was away from work for only 10 days. On Oetober 4, 1950, while pulling on a pipe connection with a pipe wrench, he sustained a lumbo-saeral sprain. X rays then taken revealed an old compression fracture of the fifth lumbar vertebra which was found by the board upon ample medical proof to have been caused by the prior accident of June 28, 1950. Claimant was thereupon hospitalized and was immobilized in a cast for about five months, this, according to his physician’s testimony, by reason of the fracture. At this time it was discovered that claimant was suffering from a condition, antedating both accidents, of osteoporosis of the spine, knee and pelvis, this condition involving a decaleification of the bones affected because of the failure of the glands supplying minerals to function properly. As a result, claimant sustained a spontaneous vertebral fracture in May, 1951, and like fractures subsequently occurred. Appellant American paid compensation and the medical and hospital expenses for the period from Oetober 4, 1950 to May 15, 1951 and appellant Travelers paid compensation from May 16, 1951 to September 24, 1954 but declined to pay the medical and hospital expenses incurred during that period. On October 25, 1954, a referee held that each accident had temporarily aggravated the osteoporosis but that the effects of such aggravation had ceased prior to September 24, 1954. Upon review, the board rescinded the referee’s decision and directed that the record “be further and fully developed as to the cessation of aggravation and whether the injury of June 28, 1950 is a factor in claimant’s continuing disability.” Testimony was thereafter adduced from five physicians and, upon review of the referee’s subsequent decision, the board’s decision and award appealed from followed. The board’s decision was supported by substantial evidence insofar as it found that aggravation of the pre-existing osteoporosis continued after September 24, 1954 and that such aggravation was the result of the accident of June 28, 1950; but the finding that the accident of Oetober 4, 1950 contributed to the continuing aggravation is unsupported by any substantial evidence. Four of the doctors sworn after September 24, 1954, testified that the fracture of June 28, 1950 and the immobilization prescribed in treatment thereof aggravated the osteoporosis, and each of them testified that the condition as thus aggravated is permanent. No evidence taken after September 24, 1954, attributed any part of the continued aggravation to the sprain of October 4, 1950. From the medical testimony and reports received prior to September 24, 1954, we find no evidence supportive of the contested finding against appellant American unless such support may be found in the testimony of Dr. Kimaid who testified nearly three years prior to September 24, 1954. His testimony related to claimant’s condition in 1951, particularly with respect to his “total disability subsequent to Oetober 4, 1950 ”. In this connection he did not discuss *907 osteoporosis as such but said that “the condition set np on October 4th was of a permanent nature ”. On the other hand, he said twice that the original injury was “definitely the cause” of claimant's disability. We are unable to find in Dr. Kimaid’s testimony substantial evidence to support the finding of causal relationship between the second injury and the aggravated osteoporosis existing after September 24, 1954. The conclusion we have reached seems to us inescapable whether Dr. Kimaid’s testimony be read as an independent whole or be considered in the light of the other medical testimony which the board obviously and properly accepted and from which it is abundantly clear that the aggravation here questioned was caused either entirely by the lengthy immobilization necessitated by the fracture or by the fracture itself plus the consequent immobilization, complicated, perhaps, by malnutrition. The appellant Travelers was properly charged with payment of claimant’s medical and hospital expenses for the period from May 16, 1951 to September 24, 1954, for which period it paid compensation. Claimant’s attending physician testified that he hospitalized claimant for the spontaneous fractures, caused, as he said, by the aggravation (attributed to the fracture on June 28, 1950) of the underlying osteoporosis and that such hospitalization was necessary, also, to establish a dietary regime, essential to correct the effects of malnutrition, and for medication and medical therapy. There was other substantial proof that proper treatment of the glandular malfunction which gives rise to osteoporosis includes diet control. The other physicians who testified after September 24, 1954, including appellant Travelers’ expert, were asked as to the necessity of claimant’s hospitalization. One approved the procedure taken and the others stated that the question was for the attending physician’s determination. Appellant Travelers contends that it is, in any event, relieved from payment of the medical and hospital expenses because of noncompliance with subdivision (b) of section 13 of the Workmen’s Compensation Law requiring a report of injury and treatment within 20 days following the first treatment. 'Subdivision (b), however, clearly is limited to eases of employees injured outside of the State. The provisions of the subdivision upon which appellant relies were at one time a part of the general provisions of section 13 applicable to all injured employees but upon amendment of the section by chapter 258 of the Laws of 1935 were transferred to subdivision (b) as then enacted, referring to injuries incurred without the State. The cases cited by appellant were decided under the prior statute. There is no claim of noncompliance with the present provisions as to notice. (Workmen’s Compensation Law, § 13-a, subd. [4].) Decision and award reversed and matter remitted to the Workmen’s Compensation Board for further proceedings not inconsistent herewith, unless further proof indicates otherwise, with one bill of costs to appellant American Motorists Insurance Company and respondent claimant against appellant The Travelers Insurance Company.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.